IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JAY JUN KOBAYASHI, #A0714662, | ) | CIV. NO. 14-00325 DKW-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | PURSUANT TO 28 U.S.C. § 1915A |
| vs. | ) | |
| | ) | |
| SISAR PADERES, VAL | ) | |
| GONSALES, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT
## PURSUANT TO 28 U.S.C. § 1915A

Before the court is pro se Plaintiff Jay Jun Kobayashi's prisoner civil rights

complaint brought pursuant to 42 U.S.C. § 1983.  Plaintiff is incarcerated at the

Halawa Correctional Facility ("HCF").  He alleges HCF physician Dr. Sisar

Paderes and HCF driver Val Gonsales violated his constitutional rights in

connection with a motor vehicle incident that occurred at or near the prison in the

HCF commissary van.  Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C.

§ 1915A, with leave granted to amend.

## I.  PLAINTIFF'S CLAIMS

Plaintiff alleges that on or about January 23, 2012, he was riding in the HCF

commissary van driven by Defendant Gonsales when the vehicle "hit a bump and

plaintiff and two other inmates flew up, [and] hit their heads, due to [Gonsales']

high speed." Compl., Doc. No. 1, PageID #5. Plaintiff alleges Gonsales

"carelessly or knowingly harmed [him] . . . by not acting in a safe matter of driving

carefully." *Id.*, PageID #7. He provides no other details regarding this incident.

Approximately seven weeks later, on or about March 12, 2012, Plaintiff

submitted a request for medical treatment. *Id.*, PageID #5 ("3/12/12 was the first

signs of injury reported, though plaintiff stated in [memo] medical that he had pain

2 weeks prior."). Unidentified HCF medical personnel examined Plaintiff and took

x-rays; it is unclear whether Defendant Dr. Paderes was involved in this

examination. Plaintiff alleges that a "doctor had examined plaintiff and found that

plaintiff was indeed in need of 'MRI' and surgery to correct this injury." *Id.*

Plaintiff does not identify this doctor or detail when he received this diagnosis.

Plaintiff says his pain increased and he continued to request medical attention, but

Dr. Paderes denied his medical requests and denied him a referral for a second

opinion. Plaintiff states, however, that he received a second opinion and an MRI

was performed. *Id.* ("Only when a second opinion was made, had a 'MRI' been

performed."). Plaintiff claims Dr. Paderes denied him access to qualified medical

personnel, to "required treatment (surgery)," and to "ice pack treatment." *Id.*,

PageID #6.

Plaintiff alleges Defendants Paderes and Gonsales acted with deliberate indifference to his health and safety in violation of the Eighth Amendment. He names both Defendants in their individual and official capacities, seeks an order requiring prison officials to approve surgery, and demands "$250,000 to pay for past, current, future professional services[.]" *Id.*, PageID #8.

## II. LEGAL STANDARD

Federal courts must screen all civil actions brought by prisoners seeking redress from a governmental entity, officer, or employee, and dismiss a claim or complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.* A sufficient complaint must

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to

relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

A court must construe pro se complaints liberally, in the light most favorable

to the plaintiff, and accept all allegations of material fact as true. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205

(9th Cir. 2010). Leave to amend should be granted unless amendment is futile.

*Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. <u>DISCUSSION</u>

"To sustain an action under section 1983, a plaintiff must show

'(1) that the conduct complained of was committed by a person acting under color

of state law; and (2) that the conduct deprived the plaintiff of a federal

constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir.

2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A. Immunities

The Eleventh Amendment bars claims for damages against state officials sued in their official capacity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). This is because state officials sued in their official capacity for damages are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Stated differently, the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908) does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997). Claims for damages against Dr. Paderes and Defendant Gonsales in their official capacities are DISMISSED without leave to amend.

## B. Counts I and II: Claims Against Dr. Paderes

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)).  Plaintiff must allege and prove (1) "'a serious medical

need' by demonstrating that 'failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain,'" and

(2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439

F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

*overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.

1997) (*en banc*) (internal quotations omitted)).

Deliberate indifference may be shown by "a purposeful act or failure to

respond to a prisoner's pain or possible medical need, and harm caused by the

indifference."  *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060).  Thus,

an inmate must allege and establish that the delay in care resulted in some harm.

*McGuckin*, 974 F.2d at 1060 (citing *Shapley v. Nev. Bd. of State Prison Comm'rs*,

766 F.2d 404, 407 (9th Cir. 1985) *(per curiam)*).  The unnecessary infliction of

pain is sufficient to satisfy this requirement.  *Id.*; *see also Hudson v. McMillian*,

503 U.S. 1, 10 (1992).  However, "a difference of opinion between a

prisoner-patient and prison medical authorities regarding treatment does not give

rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981)

(internal citation omitted).  To prevail, Plaintiff "must show that the course of

treatment the doctors chose was medically unacceptable under the circumstances

. . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff provides insufficient facts regarding Dr. Paderes' involvement with and response to his injury from which this court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff admits that he waited seven weeks before seeking medical attention, and that when he did, x-rays were taken. Plaintiff also admits that he was referred for a second medical opinion and an MRI was performed. He does not say when this occurred or who referred him, or provide the second doctor's recommendation or diagnosis, or the outcome of the MRI. It is therefore unclear when Plaintiff met with Dr. Paderes, to what extent Dr. Paderes was involved in Plaintiff's treatment, or whether Dr. Paderes caused a delay in Plaintiff's treatment that resulted in further significant injury or pain. Plaintiff provides no dates from which the court or Dr. Paderes can determine whether adequate medical care was delayed and resulted in harm or unnecessary pain. While Plaintiff makes conclusory accusations regarding Dr. Paderes, he provides no statement of facts

allowing the inference that Dr. Paderes violated his constitutional rights.

Plaintiff's complaint "stops short of the line between possibility and plausibility of

'entitlement to relief.'" *Twombly*, 550 U.S. at 557. As such, the Complaint fails

to state a claim for relief and is DISMISSED with leave granted to amend.

## C.      Count III: Claims Against Gonsales

Plaintiff alleges Gonsales "carelessly or knowingly" hit a bump at high

speed on or about January 23, 2012, causing him to hit his head on the van's roof

and injure his head and neck. Compl., Doc. No. 1, PageId #5, #7. He sets forth no

other facts regarding this incident.

### 1.      Negligence Does Not Equate to Constitutional Violation

Deliberate indifference is a higher standard than negligence or lack of

ordinary due care for a prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). To state a claim of deliberate indifference, the alleged constitutional

deprivation must be, objectively, "sufficiently serious;" and the official's act or

omission must result in the denial of "the minimal civilized measure of life's

necessities." *Id.* at 834. That is, the prison official must have a "sufficiently

culpable state of mind." *Id.* Subjectively, "the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Id.* at 837. The Constitution "does

not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Plaintiff fails to allege sufficient facts for the court to reasonably infer that Gonsales was deliberately indifferent to a substantial risk of serious harm to Plaintiff. *See Iqbal*, 556 U.S. at 678. He does not allege where the accident occurred, how fast and for how long Gonsales drove carelessly, what the road or weather conditions were, whether he was seatbelted, denied a seatbelt, restrained and unable to brace or protect himself, or whether he asked Gonsales to slow down. *See Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013) (holding guard's knowledge that inmate was unseatbelted, combined with guard's reckless driving and statement that inmates were injured "all the time" during transports without seatbelts, was sufficient to infer guard's subjective knowledge of risk of harm); *Brown v. Fortner*, 518 F.3d 552, 560-61 (8th Cir. 2008) (finding that guard who knew inmates were unseatbelted and shackled, yet disregarded their pleas to slow down, taunted them, and drove recklessly by speeding and erratically changing lanes, was not entitled to qualified immunity); *see also Kemp v. Webster*, 2012 WL 4919615, *7 (D. Colo., Oct. 16, 2012) (finding transportation of a cuffed, shackled, unseatbelted inmate in dangerous conditions, while driving recklessly,

despite inmate's pleas to stop, sufficient to infer subjective knowledge of a serious risk of harm).

In short, Plaintiff provides insufficient facts to support an inference that Gonsales acted with reckless, wanton, and deliberate indifference to his safety when Gonsales hit a bump while allegedly driving too fast. *See Jabbar v. Fischer*, 683 F.3d 54 (2d Cir. 2012) (holding prison officials' failure to provide seatbelts in prison vehicles, standing alone, does not violate inmate's Eighth Amendment rights); *Russell v. Stroleny*, 2014 WL 357408, *11 (S.D. Tex. Jan. 31, 2014) (same). Plaintiff's stated facts may support a state law negligence claim, but they are insufficient to state an actionable claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 836, n.4. Count III is DISMISSED with leave to amend for failure to state a claim.

### 2.    *Statute of Limitation*

When the running of the statute of limitation is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *see also Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). Federal courts apply the forum state's statute of limitation for personal injury claims to claims brought under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *Jones v. Blanas*, 393 F.3d

918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir .2004).

The applicable statute of limitation is two years in Hawaii.  *See* Haw. Rev. Stats.

§ 657-7; *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P .2d 1247, 1259

(1992).

Unlike the length of the limitations period, however, "the accrual date of a

§1983 cause of action is a question of federal law that is not resolved by reference

to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490

U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action

accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues,

and the statute of limitation begins to run, when the wrongful act or omission

results in damages." *Wallace*, 549 U.S. at 391 (citation omitted); *see also*

*Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the

plaintiff knows or has reason to know of the injury which is the basis of the

action.").

Federal courts also apply the forum state's laws regarding equitable tolling

when they are consistent with federal law.  *Fink v. Shedler*, 192 F.3d 911, 914 (9th

Cir. 1999).  To establish equitable tolling in Hawaii, "a plaintiff must demonstrate

'(1) that he . . . has been pursuing his right diligently, and (2) that some

extraordinary circumstance stood in his way.'" *Office of Hawaiian Affairs v. State*,

133 P.3d 767, 789 (Haw. 2006) (citation omitted). "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations." *Id.* (citations omitted).

Plaintiff alleges the accident occurred on or about January 23, 2012, and he began feeling pain in late February or early March 2012. Although Plaintiff signed the complaint on April 17, 2014, it was not mailed until July 1, 2014. These dates suggest that Plaintiff filed this action more than two years after his claim apparently accrued.[1] Additionally, Plaintiff fails to plead any facts that, if proved, support the equitable tolling of his claims. *See Cervantes*, 5 F.3d at 1277. If Plaintiff elects to amend this claim, he is ORDERED TO SHOW CAUSE why his claims against Gonsales (and Paderes) should not be dismissed as time-barred.

## IV.  <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1). He may file an amended complaint on or before **November 14, 2014.** The amended complaint must cure each of the deficiencies noted above.

---

[1]Under the prison "mailbox rule," a pro se prisoner's filing is generally deemed filed when the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Stillman v. Lamarque*, 310 F.3d 1199, 1201 (9th Cir. 2003).

Local Rule 10.3 requires that an amended complaint be complete in itself

without reference to any prior pleading, and the court will not refer to the original

pleading to make an amended complaint complete.  Defendants not named in the

caption and claims not realleged in an amended complaint are deemed waived.[2]

*See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  An amended complaint

generally supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57

(9th Cir. 1967).  In an amended complaint, each claim and the involvement of each

Defendant must be sufficiently alleged.  Plaintiff is further notified that he must

comply with the Federal Rules of Civil Procedure and the Local Rules for the

District of Hawaii if he amends his pleading.

Plaintiff is NOTIFIED that if he chooses to amend his claims, he must

SHOW CAUSE why these claims should not be dismissed as time-barred as

against each of the Defendants.

## V.  28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended complaint correcting the

deficiencies identified in this Order, he is notified that this dismissal may count as

---

[2]Claims dismissed without leave to amend, such as Plaintiff's claims for damages against Defendants in their official capacities, need not be repled in an amended complaint to preserve them for appeal.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*). However, "claims that have been dismissed with leave to amend [that] are not repled in the amended complaint will be considered waived."  *Id.*

a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the

3-strikes provision, a prisoner may not bring a civil action or appeal a civil

judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action
> or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)     The Complaint is DISMISSED for failure to state a claim.

(2)     Plaintiff may file an amended complaint curing the deficiencies noted

above on or before **November 14, 2014**.  Failure to timely amend the Complaint

and cure its pleading deficiencies may result in **DISMISSAL** of this action for

failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C.

§ 1915(g).

(3)     If Plaintiff chooses to amend his claims, he is ORDERED TO SHOW

CAUSE in writing why his claims against each named Defendant should not be

dismissed as time-barred.

14

(4)     The Clerk of Court is DIRECTED to send Plaintiff a court-approved prisoner civil rights complaint form so he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: October 8, 2014,  Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_____

*JAY JUN KOBAYASHI, #A0714662, vs. SISAR PADERES, VAL GONSALES*; Civ. No. 14-00325 DKW-KSC; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

*Kobayashi v. Paderes, et al.*, Civ. No. 14-00325 DKW-KSC/; scrng 2014/ 14-325 dkw (ftsc in part);  J:\Denise's Draft Orders\DKW\Kobayashi 14-235 dkw (orig. c ftsc).wpd