IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAY JUN KOBAYASHI, #A0714662, | CIV. NO. 14-00325 DKW-KSC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915A(b) |
| vs. | |
| SISAR PADERES, VAL GONSALES, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915A(b)

Before the court is pro se Plaintiff Jay Jun Kobayashi's first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"). He alleges HCF physician Dr. Sisar Paderes and HCF driver Val Gonsales violated his constitutional rights in connection with a motor vehicle incident that occurred at or near the prison in the HCF commissary van. Plaintiff's FAC is DISMISSED pursuant to 28 U.S.C. § 1915A(b), without further leave to amend.

**I. PROCEDURAL HISTORY AND CLAIMS**

On October 8, 2014, the court dismissed Plaintiff's original complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A. Order, Doc. No. 8. The

court informed Plaintiff of his pleading deficiencies, granted him leave to amend, and ordered him to show cause why the action should not be dismissed as time-barred under Hawaii's two-year statute of limitation. *Id.*, PageID #47.

Plaintiff timely submitted his FAC on November 12, 2014. In Count I, he alleges that between January 23-27, 2012,[1] he was riding in the back of an HCF commissary van driven by Gonsales. FAC, Doc. No. 9, PageID #53. Plaintiff states that immediately after the van passed through the HCF High Security gate traveling between 7-10 miles per hour,[2] Gonsales ran over a speed bump. Plaintiff claims this caused him and two other inmates in the van, which lacked seatbelts, to "fly up and hit [their] heads." *Id.* Plaintiff alleges he sustained a neck compression and spinal injury because of Gonsales' negligent and careless conduct which created an "excessive risk to inmates health or safety." *Id.*

In Count II, Plaintiff alleges Dr. Paderes denied or delayed medical care because of his "Lack of Knowled[g]e and Negligen[ce], Failing to perform appro[p]riate diagnostic treatment and to follow professional standards and policy and procedures violation." *Id.*, PageID #54. Plaintiff says he experienced pain

---

[1] Plaintiff unequivocally stated that the accident occurred on January 23, 2012, in his original Complaint. *See* Doc. No. 1, PageID #5.

[2] This appears to contradict Plaintiff's original claim that Gonsales was driving at "high speed." *See* Compl., Doc. No. 1, PageID #5.

after the accident, but did not request medical treatment until February 7-11, 2012. Plaintiff saw a nurse on February 22, 2012, and she scheduled a physician evaluation on March 12, 2012. *Id.*, PageID #54. Plaintiff requested to see "Dr. Ryann Nakamoto, NP," but says she only prescribed him Naproxen for pain.[3] *Id.* Dr. Paderes examined Plaintiff in April 2012, and Plaintiff requested an x-ray. *Id.* On July 12, 2012, Aloha Mobile Imaging took an x-ray. *Id.*, PageID #55. Plaintiff states that John Frauens, M.D., and Sandra K. Lawrence, M.D., diagnosed damage to cervical disks C4-6.[4] *Id.*, PageID #55. On July 20, 2012, Dr. Paderes reviewed Plaintiff's x-ray report, diagnosed him with "neck pain[,] mild not serious," and continued his pain medication. *Id.*

Plaintiff filed a grievance on July 23, 2012, but alleges he never received a final response. *Id.* On August 7, 2012, Plaintiff began physical therapy and was told to continue his medication, exercises, and ice treatments. *Id.*, PageID #56. On August 27, 2012, Plaintiff sought another appointment, complaining of increased pain and numbness on his left side. *Id.*, PageID #55.

---

[3]Ryanne Nakamoto is a licensed Nurse Practitioner practicing at HCF. *See* http://www.e-physician.info/NPI-1649327230-HI. (last visited Nov. 21, 2014). Naproxen is commonly used for mild to moderate herniated disk pain before other treatments are attempted. *See* http://www.mayoclinic.org/diseases-conditions/herniated-disk.

[4]Dr. John T. Frauens is an Orthopedic Surgeon currently practicing at Kaiser Permanente Medical Center in Honolulu. Dr. Sandra K. Lawrence is a Diagnostic Radiologist currently practicing at Maui Memorial Medical Center. *See* http://www.mauimemorialmedical.org; http://health.usnews.com/doctors/john-frauens-592036; (both sites last visited Nov. 21, 2014).

Plaintiff says he began *twice* daily ice treatments on October 10, 2012. *Id.*, PageID #56. Plaintiff states his "results remain[ed] positive for damage," in November 2012, when he requested a second opinion and approval for an MRI.[5] *Id.*, PageID #55. Dr. Paderes told him his condition did not warrant an MRI. *Id.* Plaintiff says he called the Hawaii State Ombudsman on December 18, 2012, and was taken for an MRI forty-five minutes later. *Id.*

In Count III, Plaintiff alleges Dr. Frauens denied or delayed medical care by "falsification of diagnosis."[6] *Id.*, PageID #57. In support, Plaintiff says Dr. Frauens read the MRI on December 21, 2012, and found Plaintiff's cervical spine disks C3-5 were "bulging," and disks C5-6 had "heterogeneous epidural eccentrically."[7] *Id.*, PageID #56. Plaintiff claims Dr. Frauens said Plaintiff's condition was serious. *Id.* Plaintiff then "found out" he required surgery, although it is not clear from whom. *Id.* Plaintiff says he reviewed his MRI results with Dr. Frauens on March 5, 2013. *Id.*, PageID #57. Dr. Frauens allegedly opined that

---

[5] "Magnetic resonance imaging ("MRI") is a technique that uses a magnetic field and radio waves to create detailed images of the organs and tissues within your body." *See* http://www.mayoclinic.org/tests-procedures/mri/basics.

[6] Plaintiff does not name Dr. Frauens in the caption, but names him as a defendant within the FAC, for "inadequate assesment [sic] to follow professional standards." FAC, Doc. No. 9, PageID #52.

[7] This makes no literal sense. Plaintiff may have intended to say that Dr. Frauens recommended an *epidural* injection for his *herniated* cervical disc pain. *See* http://www.spine-health.com/conditions/herniated-disc. (last visited Nov. 21, 2014).

4

Plaintiff's condition was "a serious matter and found how serious this is, within 3-4 months [Plaintiff could] become paralyzed." *Id.* Plaintiff claims he saw a Dr. Jeffery Lee for a "second opinion" on or about October 23, 2014. *Id.* He says Dr. Lee told him his condition was "not [] serious enough to have [] surgery," and that the proper treatment was physical therapy and medication. *Id.* Plaintiff alleges that Dr. Frauens' and Dr. Lee's conflicting and confusing diagnoses caused him to suffer depression and other mental and emotional distress.

Plaintiff seeks an order requiring prison officials to approve surgery, punitive damages, and $250,000 to "pay for past, current, and future professional services[.]" *Id.*, PageID #59.

## II. LEGAL STANDARD

Federal courts must screen all civil actions brought by prisoners seeking redress from a governmental entity, officer, or employee, and dismiss a claim or complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a

5

claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

A court must construe pro se complaints liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). Leave to amend should be granted unless amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Immunities**

As discussed in the October 8, 2014 Order dismissing the original Complaint, the Eleventh Amendment bars claims for damages against state officials sued in their official capacity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). State officials sued in their official capacity for damages are not "persons" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997). State officials sued in their official capacity for injunctive relief, however, are persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Accordingly, Plaintiff's damages claims against Gonsales, Paderes, and Frauens in their official capacities remain DISMISSED without leave to amend.

**B.  Count I: Claim Against Defendant Gonsales**

The FAC clarifies that Gonsales ran over a speed bump, on prison grounds, while driving a prison van at 7-10 miles per hour, sometime between January 23-27, 2012, causing Plaintiff to hit his head on the van's ceiling and injure his head and neck.  FAC, Doc. No. 9, PageId #53.  Plaintiff alleges Gonsales "negligen[tly,] carelessly[,] or knowingly" disregarded an "excessive risk to inmates['] health or safety," suggesting Gonsales violated the Eighth Amendment.

1. **Negligence is Not a Constitutional Violation**

To violate the Eighth Amendment, a prison official must act with deliberate indifference to an inmate's health or safety.  Deliberate indifference embodies a higher standard than negligence or the lack of ordinary due care.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 105, (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").  To state a claim of deliberate indifference, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" and the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834.  That is, the prison official must have a "sufficiently culpable state of mind." *Id.* Subjectively, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Id.* at 837. The Constitution "does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Plaintiff's clarified facts do not allow the court to draw the reasonable inference that Gonsales acted with deliberate indifference to a known substantial risk of serious harm to Plaintiff. *See Iqbal*, 556 U.S. at 678. Plaintiff states the van had just passed through HCF's High Security gate when Gonsales drove over a speed bump at 7-10 miles per hour. He says Gonsales was aware of the speed bump and knew the van passengers were unseatbelted. Driving 7-10 miles over a speed bump immediately after passing through a security gate, however, does not show that Gonsales acted recklessly, wantonly, or with deliberate indifference to Plaintiff's safety. The fact that Plaintiff and the other inmates were not provided seatbelts does not alter that conclusion. *See, e.g.*, *Jabbar v. Fischer*, 683 F.3d 54 (2d Cir. 2012) (holding prison officials' failure to provide seatbelts in prison vehicles, standing alone, does not violate inmate's Eighth Amendment rights); *Russell v. Stroleny*, 2014 WL 357408, *11 (S.D. Tex. Jan. 31, 2014) (same).

Plaintiff's statement of facts alleges only the possibility that Gonsales acted negligently – it does not support any claim to relief under the Eighth Amendment. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 836, n.4.

### 2. *Statute of Limitation*

Even if Plaintiff stated an adequate § 1983 claim against Gonsales, his claim is time-barred under Hawaii's two-year personal injury statute of limitation. *See* Haw. Rev. Stats. § 657-7; *Pele Defense Fund v. Paty*, 73 Haw. 578, 595, 837 P .2d 1247, 1259 (1992). In response to the Order to Show Cause, Plaintiff states, "I did not know the statute of limitation starts from the date of the incident." Doc. No. 10, PageID #63. Plaintiff also claims that, because the attorney he asked to represent him on March 6, 2013, waited until August 1, 2013 to decline representation, the statute of limitation should be equitably tolled for 148 days.

"[T]he accrual date of a § 1983 cause of action . . . [begins] when the wrongful act or omission results in damages.'" *Wallace v. Kato*, 549 U.S. 384, 388, 391 (2007) (citation omitted); *see also Maldonado v. Harris*, 370 F.3d 945 955 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). A state's equitable tolling laws apply when they are consistent with federal law. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). To establish equitable tolling in

Hawaii, "a plaintiff must demonstrate '(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way.'" *Office of Hawaiian Affairs v. State*, 133 P.3d 767, 789 (Haw. 2006) (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (same).

Accepting that the accident occurred on the latest date Plaintiff alleges, January 27, 2012, Plaintiff should have initiated any § 1983 claim no later than January 27, 2014. *See Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful."). Instead, Plaintiff commenced this action by mailing it to the court on July 1, 2014, 155 days after the statute of limitation had expired.[8] *See* Doc. No. 1-1 (mailing doc.).

First, Plaintiff's lack of knowledge of the applicable statute of limitations and his pro se status are insufficient to invoke equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of

---

[8]Under the prison "mailbox rule," a pro se prisoner's filing is generally deemed filed when the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *See Stillman v. Lamarque*, 310 F.3d 1199, 1201 (9th Cir. 2003).

the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing[ ]").

Second, Plaintiff does not otherwise show that he acted diligently to pursue his claims. Although Plaintiff says he submitted a grievance in July 2012, six months after the accident, it appears that this grievance was directed at Dr. Paderes' conduct, not at Gonsales' negligent driving. Moreover, Plaintiff signed his original Complaint on April 14, 2014, but does not explain why he waited until July 1, 2014, to mail it to the court. Nor does Plaintiff explain what actions he took to preserve this claim while he passively waited five months for a response from the attorney he asked to represent him.

Third, even if the court tolled the statute for the 148 days that Plaintiff waited for a response from the attorney, and there is no justification for such tolling, he still commenced this suit seven days too late.

In short, without a basis to invoke tolling, Plaintiff's claim against Gonsales is DISMISSED for the additional reason that it is time-barred.

## C. Counts II and III: Claims against Drs. Paderes and Frauens

In the FAC, Plaintiff essentially alleges that Dr. Paderes negligently prescribed a conservative course of treatment, misread his x-ray (as showing only mild to moderate injury or pain), delayed approving an MRI, and then refused to

12

recommend surgery. *See* FAC, Count II, Doc. No. 9, PageID #54-56. Plaintiff alleges Dr. Frauens falsified his diagnosis by first finding that Plaintiff had a serious cervical disk injury and allegedly stating it could result in paralysis, but nonetheless telling Plaintiff his physical therapy exercises, medication, and ice treatments were the only viable treatment for his injury. *See id.*, Count III, PageID #57-58. Then, when Dr. Lee concurred with Frauens and Paderes that Plaintiff's injury did not warrant surgery, these "conflicting" statements caused Plaintiff confusion and emotional distress. *Id.*

### 1. *Standard for Medical Claims*

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment. . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-06). "A difference of opinion between a physician and the prisoner--or between medical professionals--concerning what medical care is appropriate does not

13

amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014); *see also Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (reiterating that prison's reliance on non-specialist prison physicians' opinions, rather than specialists' contradictory opinions, satisfies deliberate indifference standard). Instead, "[t]o show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Snow*, 681 F.3d. at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996)).

### 2. *Plaintiff Fails to State a Claim Against Drs. Paderes and Frauens*

Plaintiff's clarified facts show that Plaintiff: (1) received medical care within ten days of requesting it; (2) was referred to a Nurse Practitioner whom he requested within days and who prescribed anti-inflammatory medicine; (3) was then seen by Dr. Paderes; (4) was given x-rays, physical therapy, daily ice treatment, and an MRI; and (5) was seen by three outside orthopedic and radiologic specialists (Dr. Lawrence, Dr. Frauens, and Dr. Lee). Plaintiff further states that he was scheduled to see Dr. Lee again on October 23, 2014, indicating that he continues to receive treatment.

Dr. Paderes, Dr. Frauens, and Dr. Lee agree that Plaintiff's condition does not warrant surgery. Plaintiff, however, disagrees, and alleges he suffered emotional distress by the conflicting news that his cervical spine was injured, perhaps seriously, but nonetheless did not require surgery. Plaintiff fails to show that Paderes' and Frauens' treatment was medically unacceptable or that they prescribed physical therapy, medication, and ice treatments over surgery with conscious disregard to an excessive risk to Plaintiff's health. And, unlike the situation in *Snow* and *Colwell*, there is no disagreement between prison physician Dr. Paderes' recommendation and treatment, and orthopedic specialists Dr. Frauens' or Dr. Lee's diagnoses. Rather, Plaintiff's claims are based solely on his own disagreement with the medical treatment he has been provided and the diagnoses set forth in three physicians' opinions. This is insufficient to show deliberate indifference and Plaintiff's claims in Counts II and III against Dr. Paderes and Dr. Frauens are DISMISSED for failure to state a claim.[9]

Because further amendment appears futile, Plaintiff's Complaint and this action are DISMISSED with prejudice. *See Lopez*, 203 F.3d at 1130.

---

[9] The court need not address whether the statute of limitation bars Plaintiff's medical claims. It appears unlikely that these claims are time-barred, however, based on the dates Plaintiff asserts he was denied adequate medical care and because sufficient time was tolled while Plaintiff's July 23, 2012 grievance was pending with prison officials. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005).

## IV. 28 U.S.C. § 1915(g)

Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

## V. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The First Amended Complaint and this action are DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.

(2) This dismissal may later be counted as a strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: December 1, 2014 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

JAY JUN KOBAYASHI, #A0714662 v. SISAR PADERES, VAL GONSALES; CIV. NO. 14-00325 DKW-KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915A(b)

*Kobayashi v. Paderes, et al.*, Civ. No. 14-00325 DKW-KSC/; scrng 2014/ 14-325 dkw (FAC ftsc);  J:\PSA Draft Ords\DKW\Kobayashi 14-235 dkw (dsm FAC no amd. ftsc).wpd